### HERSEY v. TULLY.

1. CONTRACTS.

The promoters of a corporation are personally liable upon contracts made by themselves or by their agents preliminary to its organization.

2. STATUTE OF FRAUDS.

An agreement by an agent to answer for the debt of his principal, if not in writing, is within the statute of frauds, and void.

3. PRACTICE.

After the submission of a case to the jury, they were brought into court, and, upon their request, and by the direction of the court, the stenographer read from his notes the testimony upon a certain matter. *Held*, irregular and erroneous.

*Appeal from the County Court of Arapahoe County.*

Mr. HENRY J. HERSEY, *pro se.*

Mr. JOHN HIPP and Mr. KEPLER HOYT, for appellee.

THOMSON, J., delivered the opinion of the court.

The appellee was a printer and brought this action against appellant to recover the amount of a bill for printing. On the 11th day of February, 1893, Frank C. Reid, the plaintiff's solicitor, called at the office of defendant to arrange for some printing to be done by the plaintiff. The defendant then informed Mr. Reid that he was the attorney for a corporation in process of organization, to be called The Colorado Land and Colonization Company; and that the work was to be done for this proposed company. The certificate of incorporation had been duly executed, but had not been filed in the office of the secretary of state. For some unexplained reason it was never filed. The prices for doing the work were given by Mr. Reid, and accepted by the defendant on behalf of the company. Mr. Reid was distinctly and explicitly informed that the defendant was acting, not for

himself, but for the company as its attorney, and that its incorporation was not yet completed. The plaintiff accordingly did the work, and charged the price on ·his books against The Colorado Land and Colonization Company. When the printing was done it was delivered to some of the parties composing the company. It was not delivered to· the defendant, and no charge on account of it was made against him. The plaintiff testified that the day after the transaction between his agent, Reid, and the defendant, the latter told him over the telephone that he would be responsible for the work.

The instructions given are not open to criticism and are not objected to. Some time after the jury had retired, a verdict not having been reached, they were brought into court and requested further instructions, in the nature of information concerning a portion of the evidence. The stenographer then, by direction of the court, and against the objection of the defendant, read to the jury from his notes the testimony of the plaintiff that the defendant had told him over the telephone that he would be responsible for the work. The jury thereupon again retired and agreed upon a verdict in the plaintiff's favor. The defendant moved to set the verdict aside on the grounds that it was not warranted by the evidence, and that error was committed in permitting the reading· of the plaintiff's testimony to the jury. The motion was overruled, and judgment entered on the verdict. The defendant brings the case here by appeal.

The contract was made with the agent of the plaintiff. It was distinctly understood by him that the defendant was not acting for himself, but for an association of persons who were engaged in organizing themselves into a corporation. The defendant was not the agent of the corporation, because it had not yet an existence; and it is therefore argued that in assuming to represent a principal which did not exist, and to which consequently no resort could be had, the contract entered into was his own, and he was personally liable upon it. The argument is faulty, not because the principle it con-

tains is unsound, but because it is not applicable to the facts. The defendant did not assume to represent a corporation. He did not pretend that the company in whose behalf he ordered the work had a legal existence as a corporation. On the contrary, he informed the plaintiff's agent—and information to him was information to the plaintiff—that the corporation was yet to be organized. The condition of the company was well understood, and the work was done with full knowledge of the facts. The plaintiff, therefore, in so far as he may have expected to look to the proposed corporation for his money, took his chances upon its organization, and upon its assumption of the debt and ability to pay it after it should be organized. Neither was the defendant assuming to act for a principal which did not exist. The evidence is that he was employed by the individuals seeking to incorporate to prepare their incorporation papers, and that it was by their authority he contracted with the plaintiff. They, therefore, were his principals, and liable to the plaintiff upon the contract made. If the incorporation had been finally perfected, the company would have been under no legal obligation to recognize the contract. It might have adopted it, and thus assumed liability, or it might have repudiated it and denied liability. The promoters of a corporation are personally liable for the contracts made by them, or by agents authorized by them, preliminary to its organization. *Colorado L. & W. Co. v. Adams*, 5 Colo. App. 190, 201; Wait on Insolvent Corporations, sec. 71.

The persons who executed the certificate of incorporation of the Land and Colonization Company were the parties against whom the plaintiff should have proceeded. There may have been others equally responsible, but they, at least, by making themselves prominent in the proceeding to secure the incorporation, must be regarded as promoters, and presumptively liable for preliminary obligations incurred.

If on the day after the contract was made, the defendant agreed, as stated by the plaintiff, to be responsible for the work, the agreement was a promise to answer for the debt

of the persons for whom the defendant was acting as agent. The debt was theirs and not his. The promise was not in writing, or founded upon a new consideration, and time need not be wasted in showing that it was void by the statute of frauds. But without regard to any question of the legal effect of this testimony, it was serious error to permit it to be read to the jury after the case had been submitted to them. They thus heard a portion of the plaintiff's testimony twice, and the last time disconnected from all the other evidence, so that they went back to their room with their memories refreshed as to this; and having listened to it out of its connection, they would be liable to give it an importance to which it was not entitled, and which they would not have given it otherwise.

Upon each of the two grounds, namely, the error we have noticed, and the insufficiency of the evidence, the verdict should have been set aside, and a new trial granted.

The judgment is reversed.

*Reversed.*