■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN R. WESTERMAN, Appellant.— Defendant appeals from a judgment of conviction by a jury, in the Schoharie County Court of violation of subdivision 5 of section 70 of the Vehicle and Traffic Law (driving while intoxicated). Several grounds for reversal are argued, all except one of which we find do not affect the substantial rights of the defendant. *Section 542 of the Code of Criminal Procedure.* The defendant, however, raises the question of the court's refusal to·have certain testimony read to the jury when, after deliberating, they returned to the courtroom and made such request. At the time no exception was taken on behalf of the defendant but following the verdict of " guilty" and on a motion to arrest the judgment, counsel raised the objection as one of the grounds for a new trial. At the completion of the case, the jury retired to deliberate and subsequently returned to the courtroom where one of the jurors stated that they would like to examine the trooper's report or the testimony of the State Police " just to have it read ". The record discloses that the court then advised the jury that such testimony could not be re-read and that they would have to rely upon their own recollection of the testimony of the witnesses. Section 427 of the Code of Criminal Procedure states in part that " After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony * * * they

must require the officer to conduct them into court * * * the information required must be given." There are cases on that phase of the section (427) having to do with a jury's desire to be informed on a point of law. (*People* v. *Gonzalez*, 293 N. Y. 259, 261; *People* v. *Gezzo*, 307 N. Y. 385, 394, 395.) In *People* v. *Gonzalez*, the court refused to answer a question in the form asked by the jury and it was held reversible error. In *People* v. *Soule* (142 N. Y. S. 876, 879) where in a Court of Special Sessions the jury returned to the courtroom and requested that the testimony of certain witnesses be read and the Judge thereupon read from the record, the court said: "There was no other way for the jury to obtain the information on the point requested in a Court of Special Sessions, and the jurors were entitled to it. It was read to them by the justice without comment on his part". Here the testimony of the State Troopers was vital to the issue of "intoxication". There were witnesses produced by the defendant who testified that the defendant was not intoxicated. A matter of such import cannot be disregarded by an appellate court under the broad aspects of section 542 of the Code of Criminal Procedure. If the testimony had been read, the jury might well have found defendant guilty but it may also be argued that after having heard the testimony, the jury might have acquitted the defendant. The court made no inquiry as to the reason for the request, but it is a fair assumption there must have been some disagreement or other justifiable reason for it. Under the section (427) it was mandatory on the part of the court to acquiesce in the request of the jury and failure to do so constitutes reversible error. Judgment of conviction reversed on the law and the facts and the defendant granted a new trial. Foster, P. J., Bergan, Gibson and Herlihy, JJ., concur.