No. 21,001.

Edrice L. Hiatt, et al., *v.* The City of Manitou
Springs, et al.

(392 P. [2d] 282)

Decided May 4, 1964.    Rehearing denied June 1, 1964.

Messrs. Cool & Phillips, for plaintiffs in error.

Mr. BLAKEMORE McCARTY, Messrs. TALLMADGE & TALL-MADGE, Mr. WILLIAM O. LAMM, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THE parties were aligned in the trial court in the same order as here, and we will refer to plaintiffs in error as plaintiffs and to the defendants in error, City of Manitou Springs and the individual officers thereof, collectively, as the City.

The action in the trial court was brought by plaintiffs as taxpayers to have declared illegal an ordinance providing for the issuance of $750,000.00 in general obligation bonds " * * * to extend and improve [the city] water works system in order to supply the said City and the inhabitants thereof with proper and adequate supply of water; * * * ." Suit against the individual defendants in error as the mayor, treasurer and city clerk, respectively, was to enjoin them from signing and issuing said bonds pursuant to the ordinance.

The validity of the ordinance was assailed on two grounds:

1. That the debt being incurred is a general obligation of the City, upon the credit of the City, to be paid for by a levy against all of the property owners, and therefore it is required by law that the question of the indebtedness be submitted to the qualified taxpaying electors of the City.

2. That the ordinance fails to provide for the levy of a tax to pay the annual interest and extinguish the principal of the debt within the time limited for the debt to be outstanding.

The trial court found the ordinance valid and not in violation of the state statutes, and that it came within the exception in Article XI, section 8, of the Constitution of the State of Colorado as well as in C.R.S. '53, 139-32-1

(7). The complaint was ordered dismissed, and it is to this judgment that plaintiffs bring this writ of error.

Addressing ourselves first to the necessity of a vote of the qualified elector-taxpayers before such indebtedness can be incurred, the statutory power under which the City has attempted to incur this indebtedness must be construed. The statute in question is C.R.S. '53, 139-32-1 (7) as follows (omitting the portions not pertinent to the issue here):

"Indebtedness. — The City Council and boards of trustees in towns, shall have the power to contract an indebtedness on behalf of the city or town and upon the credit thereof, by borrowing money or issuing the bonds of the city or town, for the following purposes, to-wit: * * * for the purpose of the purchase of water or water rights; for the purpose of the purchase or construction of waterworks for fire and domestic purposes; for the purpose of the purchase or construction of a canal or canals, or some suitable system for supplying water for irrigation in the city or town; * * *. The total amount of indebtedness for all purposes shall not at any time exceed three per cent of the total assessed valuation of the taxable property in the city or town except such debt as may be incurred in supplying the city or town with water and waterworks, and no loan for any purpose shall be made except it be by ordinance, which shall be irrepealable until the indebtedness therein provided for shall be fully paid, specifying the purpose to which the funds to be raised shall be applied, *and providing for the levying of a tax* not exceeding, in total amount, for the entire indebtedness of the city or town, excepting such debt as may be incurred in supplying the city or town with water or waterworks, * * * ; *but no debt shall be created, except the supplying of the city or town with water,* unless the question of incurring the same shall be submitted, at a regular election of officers for the city or town, to the vote of such qualified electors of the city or town as, in the year next preceding, shall

have paid a real property tax therein, and a majority of those voting upon the question by ballot deposited in a separate ballot box shall vote in favor of creating such debt. * * * " (Emphasis supplied.)

The ordinance enacted by the City reads in pertinent part as follows:

"WHEREAS, a majority of the taxpaying electors of the City of Manitou Springs, Colorado, voting on the question at an election heretofore held in said City, by their vote approved and authorized the City Council of said City to erect a system of waterworks for fire and domestic purposes, the same to be owned and operated by the City; and

"WHEREAS, the said City did erect and ever since said time has owned, operated and maintained a system of waterworks for the purpose of supplying said City and its inhabitants with water for fire and domestic purposes, and

"WHEREAS, it is necessary to extend and improve said waterworks system in order to supply the said City and the inhabitants thereof with proper and adequate supply of water; * * * ."

The trial court ruled that the ordinance was not ambiguous and came within the exception as provided in C.R.S. '53, 139-32-1 (7). The court ruled that the money was not for the purpose of purchasing or constructing waterworks and did not violate C.R.S. '53, 139-32-1 (34), but that such waterworks as therein provided had already been authorized by a vote of the taxpayers. The indebtedness to be incurred stated in the ordinance itself that it was necessary to extend and improve the works "in order to supply the City and the inhabitants thereof with proper and adequate supply of water." We hold that the court was correct.

It is the duty of the judiciary to give to an ordinance the common and accepted meaning of the words employed. Here the City legislative body has found the indebtedness is necessary in order *to supply the City*

*with water.* This declaration of legislative purpose requires no interpretation. The City has already acquired and constructed the waterworks. To render the works effective so as to supply the City with water does not require constant submission to the voters for every improvement necessary to handle the water supply. It is the duty of the court to adopt a construction which does not invalidate the ordinance, if possible. *Dominguez v. Denver,* 147 Colo. 233, 363 P. (2d) 661.

With reference to the challenge that the ordinance fails to provide for a levy of a tax required in Article XI, section 8, of the Colorado Constitution, as well as of C.R.S. '53, 139-32-1 (7), we find the pertinent portion of the ordinance provides:

" * * * there shall be levied on all the taxable property in said City, in addition to all other taxes, direct annual taxes in each of the years 1963 to 1982, inclusive, sufficient to make such reimbursement and pay the interest on and principal of said bonds as the same become due and payable respectively.

"Said taxes, when collected, shall be deposited in a special fund to be known as 'City of Manitou Springs Water and Bond Fund, 1963' * * *. The sums herein provided to meet the interest on said bonds and to discharge the principal thereof when due, are hereby appropriated for that purpose, and said amounts for each year shall also be included in the annual budget * * *.

"Section 5. It shall be the duty of the City Council of said City, annually, at the time and in the manner provided by law for levying other City taxes, if such action shall be necessary to effectuate the provisions of this Ordinance, to ratify and carry out the provisions hereof with reference to the levying and collection of taxes; and said City shall levy, certify and collect such taxes in the manner provided by law for the purpose of creating a fund for the payment of the principal of said bonds and interest thereon, and such taxes, when collected, shall be kept for and applied only to the payment

of the interest on and the principal of said bonds, as hereinabove specified."

These two sections which by law and by constitution are irrepealable do provide for the levy of the tax on property of the City. The only element missing from the ordinance, to be decided annually by the City Council, is the amount of the mill levy. The mill levy could not and should not be frozen in the irrepealable ordinance creating the indebtedness and providing for levying of the tax because such levies annually will fluctuate as the assessed valuation of property increases or diminishes or as the tax base is enlarged or diminished. The amount of interest and amount of principal in some years may change if the bond retirement should be accelerated. The position of the plaintiffs that the ordinance must itself levy the mill amount of the tax is wholly without merit.

The judgment is affirmed.

MR. JUSTICE MOORE not participating.