## No. 24867

## The People of the State of Colorado v. George Dago
(497 P.2d 1261)

Decided June 19, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, George E. DeRoos, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

George Dago appeals from his conviction for aggravated robbery. He contends that the trial court erred (1) in permitting testimony concerning a second, subsequent robbery allegedly involving Dago but for which he was not on trial; and (2) in failing to define the term "simple robbery" when alluding to it as a lesser included offense of aggravated robbery. We find no error and therefore affirm the judgment of the district court.

I.

During Dago's trial on the charge of aggravated robbery committed on November 10, 1969, the complaining witness was allowed to testify that he was again robbed on January 24, 1970, by a man whom he recognized as Dago. After the witness testified as to the events of the second robbery, the judge cautioned the jury that evidence of the second robbery ". . .only goes as to scheme, motive, plan or design and possibly identification of the defendant. . . . That's the purpose of it and that only."

██ We do not agree with the contention that Dago was unfairly prejudiced by the testimony reported above. It is the rule in Colorado that evidence of similar offenses is admissible when it is offered for the limited purposes of proving motive, intent, scheme, plan or identity. *Clews v. People,* 151 Colo. 219, 377 P.2d 125; *Stull v. People,* 140 Colo. 278, 344 P.2d 455.

As pointed out above, the court carefully gave the limiting instruction ordinarily required by *Stull v. People, supra,* in cases where similar transactions are admitted into evidence.

██ The record adequately evinces the probative value of the testimony as it related to the purposes for which it was offered. The complaining witness gave unrefuted testimony that his identification of Dago as his assailant in the first robbery was strengthened because he recognized Dago in the second robbery. Moreover, it should be noted that the *modus operandi* of the second robbery was the same as that of the first.

II.

Dago's second contention is that the trial court committed

4

error in failing to instruct the jury as to what the court meant in referring to "simple robbery" as a lesser included offense of aggravated robbery.

 The instruction in question here was worded substantially in the language of the statute, C.R.S. 1963, 40-5-1, and under the laws of our state, no more than this is required if the language is clear. *Simms v. People,* 174 Colo. 85, 482 P.2d 974; *Jordon v. People,* 161 Colo. 54, 419 P.2d 656, *cert. den.* 386 U.S. 992, 87 S.Ct. 1308, 18 L.Ed.2d 338. The record shows that the instructions when read as a whole are not complicated nor difficult to understand, and the jury was fully capable of understanding the concept of "simple robbery" as a lesser included offense of aggravated robbery.

The judgment is affirmed.