## No. C-182

## Roy Settle v. The People of the State of Colorado
(504 P.2d 680)

Decided December 26, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave, III, Deputy, Don L. Nelson, Deputy, for petitioner.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Jack E. Hanthorn, Assistant, for respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

The defendant, Roy Settle, was convicted of assault and battery in violation of C.R.S. 1963, 40-2-35. After the case had been submitted to the jury for its deliberations, the foreman of the jury asked to rehear a portion of the testimony of the complaining witness, and both sides were advised of this request. The trial court, over defendant's objection, then permitted the jury to rehear some testimony by use of an electronic recording device. The defendant argues that allowing the jury to rehear this testimony constitutes reversible error, relying upon *Hersey v. Tully,* 8 Colo. App. 110, 44 P. 854. We do not agree, and affirm the judgment of the district court.

■■ The overwhelming weight of authority in this country is that the reading of all or part of the testimony of one or more of the witnesses at trial, criminal or civil, at the specific request of the jury during their deliberations is discretionary with the trial court. *See State v. Wolfe,* 194 Kan. 697, 401 P.2d 917; *State v. Hines,* 6 Utah 2d 126, 307 P.2d 887; *Duffey v. State,* 124 Neb. 23, 245 N.W. 1; *People v. Westerman,* 7 App. Div. 2d 943, 181 N.Y.S. 2d 1016; *State v. Wolf,* 44 N.J. 176, 207 A.2d 670; *Tyler v. United States,* 361 F.2d 862 (10th Cir.); *U.S. v. Rosenberg,* 195 F.2d 583 (2nd Cir.), *cert. denied* 344 U.S. 838, 73 S.Ct. 20, 97 L.Ed. 652. See also *American Bar Association Standards, Trial by Jury,* Sec. 5.2. We adhere to that standard and anything in *Hersey v. Tully, supra,* which appears to be contrary to this position is specifically overruled.

■ It is, of course, essential that the court observe caution that evidence is not so selected, nor used in such a manner, that there is a likelihood of it being given undue weight or emphasis by the jury. This would be prejudicial abuse of discretion and constitute grounds for reversal. See *Hersey v. Tully, supra;* and *United States v. Johnson,* 447 F.2d 31 (7th Cir.).

■ The only portion of the record designated here is the testimony which the trial court permitted to be read. On the basis of that record, we find nothing upon which we can make a determination of abuse of discretion. We must therefore presume the trial court acted properly and without error. *Magee v. People,* 79 Colo. 328, 245 P. 708, 709; *Shepherd v. People,* 75 Colo. 251, 225 P. 221.

The judgment is affirmed.