MR. JUSTICE GROVES
delivered the opinion of the Court.
We granted certiorari to review, and now reverse the judgment of the Superior Court of the City and County of Denver concerning section 845.1-1 of the Denver Revised Municipal Code (flourishing a dangerous weapon).
The respondent, Waits, was charged in the county court with flourishing a dangerous and deadly weapon under the above ordinance which reads in part:
“.1-1. It shall be unlawful for any person to wear under his clothes, or concealed about his person, or to display in a threatening manner, or to flourish any dangerous or deadly weapon, including, but not by way of limitation, any pistol, revolver, rifle, shotgun, air gun, gas operated gun, or spring gun, sling shot, Nunchaku, brass knuckles, or artificial knuckles of any substance whatsoever, or any knife having a blade greater than three and one-half inches (3 1/2”) in length, or any other dangerous or deadly weapon.” Section 845.1-1, Denver Revised Municipal Code.
He was convicted after a jury trial. He appealed to the ¡Superior Court on several grounds, one of which was that the jury had been inadequately instructed because the county court had refused Waits’ tendered instruction defining a dangerous or deadly weapon. The definition Waits advanced was that set out in section 18-1-901, C.R.S. 1973.[1] The Superior Court reversed, agreeing that the term “dangerous and deadly weapon” required definition if the jury were to be instructed properly. The Superior Court, therefore, remanded the case to the trial court with directions to dismiss.
The City and County of Denver, petitioner, contends that the- trial court did not err by refusing to give the requested instruction. Further, petitioner argues that even if the instruction were necessary, dismissal of the action was improper and that the case should have been remanded for a new trial.
The first issue is whether the petitioner is correct in its contention that the ordinance, by specifically mentioning a “revolver,” declares it to be a dangerous or deadly weapon. The respondent argues that the dangerousness of the gun was a question of fact for the jury to determine.
We agree with the petitioner. Since the ordinance uses the wording “including . . . any . . . revolver” (emphasis added), it establishes for *565 the purpose of the ordinance that any revolver is a dangerous or deadly weapon. The applicable terms were sufficiently clear that no instructions explaining them were necessary. People v. Dago, 179 Colo. 1, 497 P.2d 1261 (1972); Jordan v. People, 161 Colo. 54, 419 P.2d 656 (1966). Therefore, this did not present a factual question which the jury need decide.
Waits also argues that the City Council lacked authority to define a revolver as a dangerous weapon. He claims that the statutory definition of dangerous and deadly weapons preempts any attempts by the City Council to render the statutory definition inapplicable. He does not challenge the authority of the City Council to issue such an ordinance, but simply contends that the statutory definition must be applied. If Waits is correct here, then the question would have to be submitted to the jury as to whether the revolver was “capable of producing death or serious bodily injury” under the statutory definition.
Vela v. People, 174 Colo. 465, 484 P.2d 1204 (1971) sets out the following test for preemption:
“‘[W]here both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot co-exist and be effective.’”
We note first that Waits does not cite any statute which permits or prohibits certain activities which the municipal ordinance here would contravene. Rather, he maintains that the statutory definition itself precludes any ordinance which does not incorporate the definition. Since the statutory definition alone does not preclude or permit certain activities, thus conflicting with the ordinance, the argument regarding preemption is without merit. See, Ray v. City and County of Denver, 109 Colo. 74, 121 P.2d 886 (1942).
In view of our conclusion above, we need not reach the second issue.
We reverse and return the case to the Superior Court for remand directing reinstatement of the verdict of guilty.
MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.

 “‘Deadly weapon’ means any firearm, knife, bludgeon, or other weapon, device, instrument, material, or substance, whether animate or inanimate which in the manner it is used or intended to be used is capable of producing death or serious bodily injury.”