MR. JUSTICE GROVES
delivered the opinion of the Court.
We granted certiorari to the Superior Court and consolidated this matter for argument with City and County of Denver v. Waits, 197 Colo. 563, 595 P.2d 248, announced contemporaneously with this opinion. The Superior Court reversed Chidlaw’s conviction in county court for flourishing a revolver in contravention of section 845.1-1 of the Denver Revised Municipal Code. We reverse.
The county court found Chidlaw guilty of flourishing a deadly weapon pursuant to the following provision:
“.1-1. It shall be unlawful for any person.to wear under his clothes, or concealed about his person, or to display in a threatening manner, or to flourish any dangerous or deadly weapon, including, but not by way of limitation, any pistol, revolver, rifle, shotgun, air gun, gas operated gun, or spring gun, sling shot, Nunchaku, brass knuckles, or artificial knuckles of any substance whatsoever, or any knife having a blade greater than three and one-half inches (3 1/2”) in length, or any other dangerous or deadly weapon.” Section 845.1-1, Denver Revised Municipal Code.
The Superior Court reversed Chidlaw’s conviction on the ground that the ordinance did not define adequately “dangerous and deadly weapon,” that a proper definition would provide for a loaded weapon capable of firing, and that the City had failed to meet its burden of proof under such a *568 definition.
As we noted in Denver v. Waits, supra, the City Council defined certain weapons by enumeration in the ordinance. The ordinance specifically states that, for its purposes, dangerous and deadly weapons include any revolvers. In view of the plain language of the ordinance, the City had no burden of proving that the revolver here in question was either loaded or capable of being fired.
.- The Superior Court believed a definition necessary, despite the clear wording of the ordinance, because “‘any pistol’ could include a cap pistol, a water pistol or a toy pistol.’’ To construe the ordinance so broadly is contrary both to common sense and to the rule of interpretation which requires giving words their ordinary meaning. Hiatt v. City of Manitou Springs, 154 Colo. 525, 392 P.2d 282 (1964). In this context, the ordinary meaning of the enumerated weapons does not encompass children’s toys.
We discussed the preemption issue in Denver v. Waits, supra, and, for the same reasons, find Chidlaw’s arguments on this question to be without merit. We do not find it necessary to discuss Chidlaw’s arguments regarding the purpose of the ordinance in view of our conclusions as to its plain meaning.
We reverse and return the case to the Superior Court for remand directing reinstatement of the verdict of guilty.
MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.