The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Derrick Lynn GRIFFIE,
Defendant-Appellant.

No. 78–799.

Colorado Court of Appeals,
Div. III.

Feb. 7, 1980.

Rehearing Denied Feb. 28, 1980.

Certiorari Denied April 28, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Michael R. Enwall, Sp. State Public Defender, Boulder, for defendant-appellant.

VAN CISE, Judge.

The defendant was initially charged with burglary, theft, and theft by receiving. A jury acquitted defendant of burglary and theft but was unable to reach a unanimous verdict on the theft by receiving charge. Defendant was retried for theft by receiving and was found guilty. Alleging insufficiency of the evidence, double jeopardy, and error in instructing the jury, defendant appeals. We affirm.

Based upon our review of the record, we find that, viewed as a whole and in the light most favorable to the prosecution, *People v. Medina*, 185 Colo. 183, 522 P.2d 1233 (1974), the evidence was sufficient to sustain the conviction. So viewed, the evidence shows that the defendant was present and participated in placing stolen office machines located in an alley into the trunk of a car belonging to some undercover agents, and that the defendant returned with the others to the apartment with the stolen goods and participated with two others in negotiating a price for the sale of the stolen goods to the undercover agents. This evidence, with the reasonable inferences to be drawn therefrom, was sufficient to support the conclusion that the defendant was guilty beyond a reasonable doubt, and we will not disturb the verdict on appeal. *People v. Medina, supra.*

Defendant's primary contention is that the offenses of theft and theft by receiving require proof of the same elements and that, therefore, under the doctrine of double jeopardy, defendant's acquittal on the theft charge in the first trial was a bar to a retrial of the theft by receiving charge. As a corollary to this, defendant contends that, to avoid double jeopardy, the jury should have been instructed, as requested by him, that the prosecution had to prove that the property had been stolen by someone other than the person accused or charged with the theft by receiving. Defendant argues that otherwise the jury could have concluded that the crime of theft by receiving encompasses receiving stolen property that the defendant himself stole and the defendant thereby was retried on the theft charge for which he had been previously acquitted. We do not agree with either contention.

The test for determining whether a person has been placed in double jeopardy is set out in *People v. Hancock*, 186 Colo. 30, 525 P.2d 435 (1974), quoting *People v. Bugarin*, 181 Colo. 62, 507 P.2d 875 (1973):

" '[A] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

"Summarized, this test holds there is a merger of the offenses when the elements of each statute, when compared, require proof of the same facts."

A comparison of the statutes, theft as defined in § 18–4–401(1), C.R.S.1973 (1978 Repl. Vol. 8) and theft by receiving as defined in § 18–4–410, C.R.S.1973 (1978 Repl. Vol. 8), reveals that these are two separate and distinct crimes. The penalty for each is the same, but conviction of one would not support a conviction of the other. *See Johnson v. People*, 152 Colo. 586, 384 P.2d 454 (1963).

Theft requires proof that the accused knowingly obtained possession of or exercised control over the property either without authorization or by threat or deception. In the theft by receiving statute, nothing is said as to who initially acquired the property nor is there even a requirement of proof

that the goods were ever actually stolen, *see People v. Holloway*, 193 Colo. 450, 568 P.2d 29 (1977); but it does require proof that at the time he received, retained, loaned money on, or disposed of the goods, he knew or believed that they had been stolen, basic elements not required for a theft conviction. Accordingly, we conclude that the defendant was not subjected to double jeopardy by being retried on the theft by receiving charge which had not been finally adjudicated at the first trial.

■ The instruction given was worded substantially in the language of the statute, and that was sufficient. *People v. Dago*, 179 Colo. 1, 497 P.2d 1261 (1972). From the instruction, the jury was capable of denoting the meaning of the terms in the statute and the concept of the crime of theft by receiving. There was no error. *See People v. Dago, supra; Blincoe v. People*, 178 Colo. 34, 494 P.2d 1285 (1972).

Judgment affirmed.

PIERCE and BERMAN, JJ., concur.