The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Afshin PAHLAVAN, Defendant–Appellant.

No. 01CA1331.

Colorado Court of Appeals, Div. I.

April 24, 2003.

As Modified on Denial of Rehearing Aug. 7, 2003.

Certiorari Denied Feb. 17, 2004.*

---

* Justice HOBBS would grant as to the following issue:

  When discretionary parole is annexed to a defendant's "governing" sentence, does the defendant nonetheless have to serve a mandatory parole term that is annexed to the shorter, concurrent sentences imposed.

Ken Salazar, Attorney General, Lauren Edelstein Park, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Afshin Pahlavan, appeals a judgment and sentence entered on a jury verdict finding him guilty of second degree kidnapping, first degree sexual assault, robbery, third degree assault, and two counts of felony menacing. The second degree kidnapping conviction was enhanced to a class two felony upon a jury finding that the kidnapping included a sexual assault on the victim. The trial court ordered defendant to serve all sentences concurrently for a total of twelve years in prison plus a period of mandatory parole. We affirm the conviction, but reverse that part of the sentence imposing a period of mandatory parole for the kidnapping conviction.

In August 1998, defendant separated from his wife after seventeen years of marriage. On October 30, 1998, defendant intercepted his estranged wife at a hotel, suspecting that she was there to meet a man. Defendant confronted her, grabbed her arm, and walked her to the parking lot. He then forced her into the passenger seat of a van and drove to her home. Once at the home, defendant, among other things, sexually and otherwise assaulted his wife, cut off her hair, threw a knife at her, stole the contents of her wallet, and started a fire.

On the morning of October 31, defendant forced his wife back into the van, where she remained for ten hours as he drove around town trying to locate the man with whom he suspected she was has having an affair.

## I. Cumulative Evidence

■ Defendant first contends that the trial court abused its discretion in permitting the prosecutor to present cumulative evidence via police officer testimony. We do not agree.

■ We review a trial court's ruling on the admission of evidence for an abuse of discretion. *People v. Eppens*, 979 P.2d 14 (Colo.1999). The fact that evidence is cumulative does not, by itself, render the evidence inadmissible. Instead, admission of cumulative testimony is an abuse of discretion only if it is manifestly arbitrary, unreasonable, or unfair under the circumstances. *People v. Morrison*, 985 P.2d 1 (Colo.App.1999), *aff'd*, 19 P.3d 668 (Colo.2000). Courts must guard against the needless presentation of cumulative evidence. *See* CRE 403.

At trial, defendant's wife recanted or minimized most of her written and oral statements to police incriminating defendant. To rebut her inconsistent testimony as allowed under § 16–10–201, C.R.S.2002, the People presented the wife's own written statement and the testimony of four police officers who had interviewed her.

All four officers testified that the wife told them that defendant tied her to the bed with belts. Three officers testified that the wife said that defendant poured alcohol on her, started a fire in the house, and forced her to have sex with him.

Two officers testified about the wife's statements that defendant cut her hair, forced her to go outside naked, gagged her with a scarf, and took her to the basement when a family friend came by the house that night. One officer testified about the wife's statements that defendant took the contents of her wallet and threw a knife.

While some cumulative evidence was presented, the prosecutor attempted to limit each officer's testimony to different aspects of the offense. We therefore conclude that the trial court's decision to admit all four officers' testimony was not manifestly arbi-

trary, unreasonable, or unfair and that the trial court did not abuse its discretion.

## II. Statement Taken into Jury Room

■ Defendant next contends that it was plain error for the trial court to allow the jury to take the wife's written statement into the jury room during deliberations. We conclude there was no error, plain or otherwise.

■ The wife's statement was admitted as an exhibit at trial, and defendant did not object to it being taken to the jury room. Accordingly, our review is limited to plain error analysis. Plain error exists only if the error so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of defendant's conviction. *See Wilson v. People*, 743 P.2d 415 (Colo.1987).

Relying on *People v. Montoya*, 773 P.2d 623 (Colo.App.1989), and *People v. Talley*, 824 P.2d 65 (Colo.App.1991), defendant asserts that the written statement is analogous to a videotape of an eyewitness's statement or an audiotape of a victim's statement. In those cases, the recorded statements taken to the jury room during deliberations improperly allowed jurors to emphasize that evidence.

However, in *People v. McKinney*, 80 P.3d 823, 2003 WL 282581 (Colo.App.2003), a division of this court interpreted the amended version of C.R.C.P. 47(m) to permit the witness's inculpatory written statement to be taken into the jury room. The division held that the amendments to the rule made the analysis in *Montoya* and *Talley* no longer applicable.

We agree with the reasoning in *McKinney* and thus conclude that the trial court here did not err, let alone commit plain error, in allowing the jury to take the wife's written statement into the jury room during deliberations.

## III. Prior Acts of Domestic Violence

■ Defendant next contends that the trial court abused its discretion in admitting evidence over his objection of his prior acts of domestic violence against his wife. We conclude that any error in admitting that evidence was harmless.

■ "If a reviewing court can say with fair assurance that, in light of the entire record of the trial, the error did not substantially influence the verdict or impair the fairness of the trial, the error may properly be deemed harmless." *People v. Gaffney*, 769 P.2d 1081, 1088 (Colo.1989); *see Masters v. People*, 58 P.3d 979 (Colo.2002).

Defendant complains of brief testimony by his wife that they had arguments in the past, during which she thought there was some physical contact, and that she had obtained a temporary restraining order to stop him from telephoning her. However, there was overwhelming evidence of defendant's guilt, including the police officers' testimony, the wife's written statement, photos of the crime scene, the wife's cut hair, and her bruised body, even without considering the similar acts evidence, which was only a small part of the prosecution's case. Thus, the admission of the similar acts evidence could not have substantially influenced the verdict or impaired the fairness of the trial and was at most harmless error.

## IV. Jury Instruction Defining "Consent"

■ Defendant next contends that the trial court abused its discretion in rejecting his request not to provide a jury instruction defining "consent" because the word is commonly understood and because that instruction could have been misused in the context of the kidnapping charge. We are not persuaded.

■ Jury instructions framed in the language of statutes are generally adequate and proper. *People v. Dago*, 179 Colo. 1, 497 P.2d 1261 (1972); *People v. Hayward*, 55 P.3d 803 (Colo.App.2002). The decision to provide a jury with a supplemental or clarifying instruction that properly states the law is within the trial court's discretion and will not be disturbed absent an abuse of discretion. *People v. Bielecki*, 964 P.2d 598 (Colo.App. 1998).

In addition to receiving instructions on the elements of second degree kidnapping and first degree sexual assault, which tracked the statutory requirements for the offenses, the

jury also received the following supplemental instruction:

> "Consent" means cooperation in act or attitude pursuant to an exercise of free will and with knowledge of the nature of the act. A current or previous relationship shall not be sufficient to constitute consent to the crime of First Degree Sexual Assault. Submission under the influence of fear shall not constitute consent.

Section 18–3–401(1.5), C.R.S.2002, the definitional statute for sex offenses, provides a specialized meaning of "consent," and the instruction substantially tracked that statutory language. The second sentence explained that the existence of a relationship is not a substitute for consent. This sentence varied slightly from the statute, but only to clarify properly that the definition was applicable to first degree sexual assault.

We conclude that the definition was important to explain to the jury the specialized meaning of "consent" in the context of sexual assault. *See Leonardo v. People,* 728 P.2d 1252 (Colo.1986)(court should answer jury question seeking clarification of terms of art); *cf. People v. Leonard,* 673 P.2d 37 (Colo. 1983)(in context of guilty plea, criminal attempt is not readily understandable to a person of ordinary intelligence without further explanation by the court and must be sufficiently explained in terms defendant can understand before a plea is accepted).

Thus, the court did not abuse its discretion in providing the instruction to the jury.

### V. Unanimous Verdict

■ Defendant also contends that he was denied a unanimous verdict because the instruction as to second degree kidnapping permitted the jury to convict him even if it did not agree whether the kidnapping occurred on October 30 or October 31. Defendant's reliance on the unanimity requirement is misplaced.

Defendant did not object at trial to this alleged error. Therefore, our review is limited to plain error. *See Wilson v. People, supra.*

Unanimity in a verdict means only that each juror agrees that each element of the crime charged has been proven to that juror's satisfaction beyond a reasonable doubt. Jurors are not required to agree on what particular evidence is probative on a specific element of a crime, especially if the evidence supports alternative theories of how that element occurred. *See People v. Guffie,* 749 P.2d 976 (Colo.App.1987)(in felony murder case involving aggravated robbery of one of several alternative victims, it is not necessary for jurors to agree on the specific victim if each juror was convinced beyond a reasonable doubt of the aggravated robbery of any one or more of the alternative victims). Here, the jury was instructed that its verdict had to be unanimous. Since we presume that the jury understood and heeded the jury instructions, see *People v. Dunlap,* 975 P.2d 723, 744 (Colo. 1999), it was not necessary for the jurors to agree on whether the kidnapping occurred on October 30, October 31, or over the course of both days.

### VI. Mandatory v. Discretionary Parole

■ Defendant next contends that the trial court erred in sentencing him to a mandatory term of parole for his conviction of enhanced second degree kidnapping under § 18–3–302(3)(a), C.R.S.2002, which has unlawful sexual behavior as a factual basis. Thus, defendant argues, he should be given a period of discretionary parole as is imposed on sex offenders. We agree.

At the time of defendant's conviction, the discretionary parole statute read, in relevant part:

> As to any person sentenced for conviction of an offense involving unlawful sexual behavior or for which the factual basis involved an offense involving unlawful sexual behavior as defined in § 18–3–412.5(1), C.R.S., committed on or after July 1, 1996, the board has the sole power to grant or refuse to grant parole....

Colo. Sess. Laws 1996, ch. 280, § 17–2–201(5)(a.5) at 1585.

In *People v. Cooper,* 27 P.3d 348 (Colo. 2001), the supreme court interpreted § 17–2–201(5)(a.5) to require discretionary, rather than mandatory, parole for sex offenders. The court's ruling in *Cooper* applies to per-

sons convicted of a sexual offense committed between July 1, 1996 and November 1, 1998, such as defendant's offense committed in October 1998.

In *Cooper*, the court decided that the requirement in § 17-2-201(5)(a.5) that sex offenders be sentenced to discretionary parole controls over more general language in other sentencing statutes that require mandatory parole for felony offenders. The court did not reach the issue before us today about the meaning of "factual basis" as used in the statute. Thus, we must interpret the provision of the statute that is relevant here.

[redacted] Statutory interpretation is a matter of law that is reviewed de novo. The first goal in construing a statute is to determine and give effect to the intent of the General Assembly. Constructions that defeat the obvious legislative intent should be avoided. Courts should attempt to give effect to all parts of a statute, and constructions that would render a part of the statute meaningless should be avoided. Section 2-4-201, C.R.S.2002; *People v. Terry,* 791 P.2d 374 (Colo.1990).

Defendant argues that the second degree kidnapping had a factual basis involving a sex offense and that he is, therefore, subject to discretionary parole. The People argue that to fall within *Cooper* and § 17-2-201(5)(a.5), defendant must have committed one of the sex offenses enumerated in § 18-3-412.5(1). The People thus read the phrase "as defined in § 18-3-412.5(1)" to modify both "factual basis" and "an offense involving unlawful sexual behavior." Under this reading, defendant would receive discretionary parole only if he had been convicted of an offense listed in § 18-3-412.5(1), which kidnapping is not.

Under defendant's interpretation, discretionary parole is required for an offense involving unlawful sexual behavior as defined in § 18-3-412.5(1) and for an offense for which the factual basis involved an offense involving unlawful sexual behavior as defined in § 18-3-412.5(1). We agree with defendant because under the People's interpretation, the "factual basis" language would be rendered meaningless. *See People v. Terry, supra.*

Here, by special interrogatory, the jury found that defendant's kidnapping offense included a sexual assault. Sexual assault is enumerated in § 18-3-412.5(1) as a crime that requires discretionary parole. Consequently, defendant's kidnapping offense had a factual basis that involved unlawful sexual behavior as defined in § 18-3-412.5(1). Thus, we conclude he is subject to discretionary parole on his conviction for that offense.

Defendant was also convicted of robbery and two counts of felony menacing, which come with periods of mandatory parole, the longest period of which is three years. According to § 18-1.3-401(1)(a)(V)(E), C.R.S. 2002, an offender sentenced consecutively for two or more felony convictions serves the period of mandatory parole established for the highest class felony of which the offender has been convicted. *See People v. Luther,* 58 P.3d 1013 (Colo.2002). It follows that offenders sentenced concurrently for two or more felony convictions, such as defendant, also serve only the period of mandatory parole established for the highest class felony for which the offender has been convicted.

Here, defendant's convictions for first degree sexual assault, robbery, and felony menacing are class three, class four, and class five felonies, respectively. First degree sexual assault does not require a period of mandatory parole based on *People v. Cooper, supra.* However, robbery requires three years of mandatory parole, and felony menacing requires two years of mandatory parole. Thus, defendant is subject to a three-year period of mandatory parole for his robbery and felony menacing convictions. *See* § 18-1.3-401(1)(a)(V)(A), C.R.S.2002.

As a final matter, we note that the mittimus contains a clerical error, improperly indicating that defendant was convicted of second degree kidnapping under § 18-3-302(1), a class four felony. This mistake must be corrected on remand. *See* Crim. P. 36; *Kailey v. Colo. State Dep't of Corr.,* 807 P.2d 563 (Colo.1991).

Accordingly, we reverse the trial court's order insofar as it imposes a period of mandatory parole on defendant for the second degree kidnapping conviction, and we re-

mand the matter for the imposition of a period of discretionary parole for the kidnapping conviction, for the imposition of a three-year period of mandatory parole for the robbery and felony menacing convictions, and for correction of the mittimus to reflect the proper felony class for the second degree kidnapping conviction.

The judgment is affirmed, the sentence is reversed as to the imposition of mandatory parole, and the case is remanded to the trial court for correction of the mittimus in accordance with the views expressed in this opinion.

Judge VOGT and Judge GRAHAM concur.