Richard FRASCO, Petitioner

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 06SC314.

Supreme Court of Colorado,
En Banc.

July 2, 2007.

Rehearing Denied Sept. 4, 2007.*

Douglas K. Wilson, Colorado State Public
Defender, Alan Kratz, Deputy State Public
Defender, Denver, Colorado, Attorneys for
Petitioner.

John W. Suthers, Attorney General, Ka-
tharine J. Gillespie, Assistant Attorney Gen-
eral, Denver, Colorado, Attorneys for Re-
spondent.

Justice COATS delivered the Opinion of
the Court.

The defendant sought review of the court
of appeals' judgment affirming his multiple

* Justice Martinez and Justice Bender would grant   the petition; Justice Eid does not participate.

convictions for the sexual and physical abuse of his step-daughter. Among other things, the defendant assigned error to the district court's decision to allow the jury unsupervised access to a videotaped interview of the child-victim, which had been admitted as an exhibit at trial. The court of appeals held that the district court did not err for the reason that C.R.C.P. 47(m) no longer prohibits unsupervised jury access to testimonial evidence, including videotaped interviews.

Because the district court did not abuse its discretion, under the circumstances of this case, in honoring the jury's request to view the victim's videotaped interview during its deliberations, the judgment of the court of appeals is affirmed.

## I.

The defendant, Richard Frasco, was convicted of multiple counts of sexual assault on a child, sexual assault on a child by one in a position of trust, aggravated incest, and child abuse. The court imposed three sets of concurrent sentences of either eight years or eight years to life—one set for each residence in which the acts of sexual abuse occurred. It then ordered each set of concurrent sentences to be served consecutively to each other but concurrently with an additional eighteen-month sentence for child abuse.

Police began an investigation after officials at the school of the defendant's ten-year-old step-daughter, J.H., received an anonymous tip that the defendant was abusing her. The school's counselor spoke with J.H., who confirmed that the defendant had physically and sexually abused her. As part of their investigation, a law enforcement officer and a human services coordinator interviewed J.H. about the allegations, and J.H. provided incriminating details. Without J.H.'s knowledge, the interview was recorded on videotape.

The prosecution successfully moved in limine for admission of the videotape in lieu of J.H.'s in-court testimony, pursuant to Colorado's statutory hearsay exception for child sexual assault victims.[1] Although J.H. ultimately testified, the prosecution nevertheless offered an edited version of the videotape, which was admitted during the testimony of one of the officials who interviewed J.H. Prior to allowing the prosecution to play the videotape in open court, the trial court admonished jurors not to give it any more significance than the other evidence. Later, at the conclusion of the trial, while instructing the jurors about the handling of questions they might have during deliberations, the court further advised them that if they wanted to see the videotape again, a decision would be made after receiving input from the lawyers. The jury then retired, taking with them all of the admitted exhibits except the videotape.

During their deliberations, the jury requested permission to review the videotaped statement. The trial court called the prosecution and defense counsel into chambers and, on the record, indicated its inclination to allow the jury to view the videotape, specifically asking the defendant's attorney for his position. Defense counsel responded, "I think the current state of the law and the procedural rules are that they should have pretty much unimpeded access to it. And I don't—I don't object to that." Accordingly, the trial court provided the jurors with the videotape, a television, and a videocassette player.

For the first time on appeal, the defendant asserted, among other things, that granting the jury unsupervised access to the videotape warranted reversal of his convictions. Relying on prior court of appeals' holdings, the appellate court held that unsupervised access by a jury to testimonial evidence, including videotaped interviews, is no longer prohibited. Rejecting the defendant's other assignments of error as well, the court of appeals affirmed the defendant's convictions.

This court granted the defendant's petition for a writ of certiorari solely on the question whether the trial court committed reversible error and violated due process by permitting the jury to view the videotaped interview during deliberations, without supervision.

---

1. *See* § 13–25–129, C.R.S. (2006).

## II.

Almost seventy years ago, we made absolutely clear that the English common law rule barring from the jury room any writings not under seal had long ceased to exist. *See Wilson v. People,* 103 Colo. 150, 84 P.2d 463 (1938). In doing so, we quoted liberally from a treatise of the time, indicating that the "modern practice" was to permit, in the discretion of the judge and the absence of a statute to the contrary, all documents and papers received in evidence, other than depositions, to be taken out by the jury. *Id.* at 159, 84 P.2d at 468. Although we have not meaningfully addressed the matter since, some thirty-five years ago we acknowledged the overwhelming weight of authority similarly leaving to the discretion of the court any response to jury requests for portions of the trial testimony. *See Settle v. People,* 180 Colo. 262, 504 P.2d 680 (1972). In that instance, however, we took particular note of the trial court's obligation to "observe caution that evidence is not so selected, nor used in such a manner, that there is a likelihood of it being given undue weight or emphasis by the jury." *Id.* at 264, 504 P.2d at 680–81.

Unlike this court, the court of appeals has dealt with the question of jury access to exhibits on a number of occasions. In *People v. Montoya,* the appellate court extended the concern we expressed in *Settle* to include videotaped interrogations admitted at trial. 773 P.2d 623 (Colo.App.1989); *see also People v. Talley,* 824 P.2d 65 (Colo.App.1991). In the absence of any treatment of the question by the Colorado Rules of Evidence or the Colorado Rules of Criminal Procedure, it found support for this extension in C.R.C.P. 47(m)'s prohibition against allowing depositions in the jury room [2] and (what it characterized as) the universal rule that depositions may not be reviewed by a jury on an unsupervised basis. *Montoya,* 773 P.2d at 625.

While it ultimately concluded that jurors could be permitted to review videotaped witness statements, admitted for substantive purposes, "only under circumstances that will assure that such statements are not given 'undue weight or emphasis,'" *id.* at 626 (quoting *Settle,* 180 Colo. at 264, 504 P.2d at 680–81), and that the precise procedure to be followed to assure this result would lie within the trial court's sound discretion, it nevertheless suggested that to allow jurors to engage in "the unsupervised, and perhaps repetitive, viewing" of such statements would amount to an abuse of that discretion. *Id.*

In a line of cases relied upon by the court of appeals below, other panels of that court have revisited this holding in light of subsequent amendments to C.R.C.P. 47(m). *See People v. McKinney,* 80 P.3d 823 (Colo.App. 2003), *rev'd on other grounds,* 99 P.3d 1038 (Colo.2004); *see also People v. Isom,* 140 P.3d 100 (Colo.App.2005); *People v. Pahlavan,* 83 P.3d 1138 (Colo.App.2003). In *McKinney* the appellate court noted that a series of reforms stemming from this court's jury reform project included the 1999 amendment of C.R.C.P. 47(m), removing the prohibition against taking depositions and certain other papers into the jury room during deliberations. 80 P.3d at 829. Unlike its predecessor, the rule now specifies that jurors shall take their instructions, their juror notebooks and personal notes, and "to the extent feasible, those exhibits that have been admitted as evidence," without exception.[3]

Finding that *Montoya's* restriction on the unsupervised review of "materials of a testimonial character" was premised on the civil rule's analogous prohibition against allowing "a deposition or a videotape" in the jury room; and that the historical concern about the latter was "eliminated" by the reform of the civil rules; the appellate court concluded

---

2. At the time of *Montoya,* the rule stated:

Upon retiring for deliberation, the jury may take all papers except pleadings, depositions, accounts, or account books, which have been received in the case, or copies of such papers as ought not, in the opinion of the court, to be taken from the person having them in possession, and any juror may take with him any notes of testimony, or other proceedings, which he has made but none made by any other person.

C.R.C.P. 47(m) (1989).

3. The amended rule, still in effect today, states, "Upon retiring, the jurors shall take the jury instructions, their juror notebooks and notes they personally made, if any, and to the extent feasible, those exhibits that have been admitted as evidence." C.R.C.P. 47(m).

that the basis for prohibiting juror access to "videotapes, audiotapes, or written documents" no longer exists. *Id.* at 828–29. Applying the "plain language" of amended C.R.C.P. 47(m), it therefore concluded that all exhibits admitted as evidence in criminal proceedings may be taken into the jury room, unless it is infeasible to do so. *Id.* at 829.

▮▮▮ Whatever C.R.C.P. 47(m) may now require in civil proceedings, it does not govern the use of exhibits in criminal proceedings. While Crim. P. 57(b) dictates that criminal courts look to the Rules of Civil Procedure and other applicable law when no Rule of Criminal Procedure exists, it permits courts to proceed in any lawful manner not inconsistent with the Criminal Rules. In this jurisdiction we have long adhered to the rule that absent a specific exclusion of some particular class of exhibits, trial courts exercise discretionary control over jury access to trial exhibits during their deliberations. *See Wilson,* 103 Colo. 150, 84 P.2d 463.

The existence of a civil rule of procedure automatically excluding depositions from jury deliberations was peripheral at best to the scope of a criminal court's discretion over jury access to other testimonial exhibits. Abandonment of that automatic exclusion, while perhaps indicative of a policy shift (at least in the civil arena) away from mistrusting juries and imposing mechanical or formalistic restrictions on their deliberations, is equally peripheral. The treatment of depositions in civil proceedings, whatever it may be at any point in time, adds little to a general recognition that granting jury access to exhibits substituting for trial testimony necessarily shares the same risk of "undue weight or emphasis," *Settle,* 180 Colo. at 264, 504 P.2d at 680–81, about which we expressed concern in the context of trial testimony itself.

To the extent that the court of appeals merely recognized the obligation of criminal courts to oversee with caution the use of trial exhibits during deliberations, and extended our admonition in *Settle* to exhibits serving as substitutes for trial testimony, its rationale remains unaffected by amendments to the civil treatment of depositions. To the extent, however, that it intended by the term "unsupervised" to create a deposition-like automatic rule of exclusion for all testimonial exhibits, and implied that we had already done so for trial testimony in *Settle,* its court-made rule not only no longer finds support in the civil rules but, more importantly, has never been sanctioned by the holdings of this court.

Because jury deliberations cannot be conducted in the presence of anyone other than the jurors themselves, use of an exhibit, in the jury room, during jury deliberations, arguably could never be directly "supervised." Despite our caution in *Settle* about jury review of trial testimony, we most certainly did not suggest that trial courts are forbidden from permitting trial transcripts (or for that matter, audio recordings of trial testimony, as was actually the case in *Settle*) to be taken into the jury room. Nor did we fashion any specific mandate to impose time limitations on jury access or give particular limiting instructions concerning use by the jury.

▮▮ Despite, and in part because of, evolving views in this jurisdiction about the nature of jury deliberations and the expanded allowance of questioning and note-taking by jurors, control over the use of exhibits during jury deliberations in criminal proceedings must remain firmly within the discretion of the court. Civil procedural rules notwithstanding, the trial court in criminal proceedings has an obligation, much as it does with regard to the admissibility of evidence generally, to assure that juries are not permitted to use exhibits in a manner that is unfairly prejudicial to a party. As the court of appeals indicated long ago in *Montoya,* the precise procedure to be followed to assure this result must lie within the trial court's sound discretion. 773 P.2d at 626.

▮▮ As with matters of discretion generally, it is difficult to precisely define the contours of the court's discretion, and it appears that attempts to do so with particularity are rare. Nevertheless, the trial court's ultimate objective must be to assess whether the exhibit will aid the jury in its proper consideration of the case, and even if so, whether a party will nevertheless be unfairly prejudiced

by the jury's use of it. *Cf.* Unif. R.Crim. P. 531(c) ("Submission of exhibits");[4] Unif. R.Crim. P. 533 ("Jury Request to Review Evidence").[5] Parties must, of course, be given an opportunity to be heard on the matter, and at least where prompted to do so, a court's refusal to exclude or otherwise limit the use of an exhibit will be reviewed for an abuse of its discretion. While some kinds of exhibits obviously have a greater potential for unfair prejudice than others, bearing in mind the wishes and tactical considerations of the parties, the trial court must ultimately retain discretionary control over all jury exhibits allowed to go to the jury.

### III.

■ Although the defendant asserts that he objected to the unsupervised use of the videotape during deliberations, this is far from clear. The record indicates that the trial court cautioned the jury at the time of its admission not to give the videotape any greater significance than other evidence at trial. At the close of the evidence, it did not allow the videotape to be taken to the jury room along with the other exhibits. When the jury made a request to view the exhibit, the court notified both counsel and specifically inquired about defense counsel's position with regard to the request. Counsel not only failed to register an objection or request a limiting procedure or instruction; he actually offered his understanding that existing law required unimpeded jury access, and he expressly represented to the court that he had no objection to such access. Only then did the court provide the exhibit.

The exhibit in question was an edited version of the child's interview with state officials shortly after the abuse was reported. Although the defendant objected to admission of the statements pursuant to the child-sexual-assault-victim hearsay exception, he stipulated to the particular edit that was admitted. The child testified at trial about the defendant's various acts of sexual abuse, sometimes with more and sometimes with less detail than in the earlier interview, and she was subjected to cross-examination about the differences or inconsistencies in the two accounts. In closing arguments, defense counsel drew the jury's attention to inconsistencies in the two accounts as support for his contention that the assaults were fabricated, and he specifically asked the jury, if it went through the videotape during deliberations, to take note of the suggestiveness of the questioning in that interview.

Beyond asserting that the jury had an opportunity to view the exhibit repeatedly and give it undue weight, the defendant has alleged nothing about the particulars of the videotape that would likely render its review during deliberations unfairly prejudicial. In light of the prior inconsistent statements it contained and the tactical use made of them by defense counsel at trial, as well as defense counsel's failure to object to the jury's request to review the exhibit during deliberations, it is not even clear that defense counsel considered granting the jury access to the videotape to be disadvantageous. In any event, on the record before us, we cannot say that the trial court abused its discretion in allowing the jury access as it did, much less

---

4. The uniform rule states, "The court shall submit to the jury all exhibits, other than depositions, received in evidence except exhibits that the parties agree may not be submitted or the court excludes from the submission for good cause." Unif. R.Crim. P. 531(c).

5. The uniform rule states,

If the jury, after retiring for deliberations, requests a review of any evidence, the court, after notice to the parties, shall recall the jury to the courtroom. If the jury's request is reasonable, the court shall have any requested portion of the testimony read or played back to the jury and permit the jury to reexamine any requested exhibit received in evidence. The court need not submit evidence to the jury for review beyond that specifically requested by the jury, but the court also may have the jury review other evidence relating to the same factual issue in order to avoid undue emphasis on the evidence requested. If it is likely that the jury cannot otherwise adequately consider any evidence reviewed, the court may permit the jury to take the evidence, including any part of a deposition or of a prepared transcript or recording of the testimony, to the jury room if it appears:

(1) no party will be unduly prejudiced; and

(2) the evidence is not likely to be improperly used by the jury. Unif. R.Crim. P. 533.

that it violated, in any way, the defendant's constitutional right to a fair trial.

## IV.

Because it was within the discretion of the trial court to determine the extent of access the jury would be given to the exhibit, and because the court did not abuse that discretion, under the circumstances of this case, the judgment of the court of appeals is affirmed.

Justice MARTINEZ specially concurs, and Justice BENDER joins in the special concurrence.

Justice EID does not participate.

Justice MARTINEZ, specially concurring.

Because I conclude that the trial court did not abuse its discretion by providing a copy of the victim's videotaped interview to the jury, I generally concur with the majority's opinion. I write separately because I do not fully agree with the majority's broad approach, its criticisms, and suggestions.

Trial courts have discretion to manage a jury's access to evidence presented at trial. *See Settle v. People,* 180 Colo. 262, 264, 504 P.2d 680, 680 (1972); Crim. P. 57(b) (trial courts may proceed in any lawful manner when a procedure is not otherwise specified). However, trial courts are limited in the exercise of that discretion and charged with ensuring that when evidence is given to the jury for use during deliberations, it is "not so selected, nor used in such a manner, that there is a likelihood of it being given undue weight or emphasis by the jury." *Settle,* 180 Colo. at 264, 504 P.2d at 681. The court of appeals has followed our holding in *Settle* when reviewing trial court decisions to allow jurors' access to videotaped evidence or testimony. *See People v. Montoya,* 773 P.2d 623, 626 (Colo.App.1989) (holding that a trial court may allow jurors to review a videotape of a witness' previous statements, under circumstances that will assure that such statements are not given "undue weight or emphasis") (*citing Settle,* 180 Colo. at 264, 504 P.2d at 681).

While *Montoya* addressed Crim. P. 57(b)'s command to look to the rules of civil procedure when no rule of criminal procedure controls, and more specifically C.R.C.P. 47(m) (dealing with evidence juries may take into deliberations), it recognized that C.R.C.P. 47(m) did not address videotaped statements. 773 P.2d at 626. C.R.C.P. 47(m) was later changed, but those later changes did not address videotaped statements. *See People v. McKinney,* 80 P.3d 823, 829 (Colo.App.2003), *rev'd on other grounds,* 99 P.3d 1038 (Colo.2004), (holding that permitting *written statements* into the jury room was not an abuse of discretion under the new C.R.C.P. 47(m) ). Though trial courts must look to the rules of civil procedure, C.R.C.P. 47(m) provides little guidance in determining the use of videotaped statements. Thus, *Montoya,* though criticized by the majority, does not suggest that there is an "automatic rule of exclusion for all testimonial exhibits." Maj. op. at 704. Rather, I find the court of appeals' decisions consistent with our holding here today: that trial courts have discretion to allow videotape evidence to be brought into the jury room so long as the court supervises the use of that evidence to guard against any unfair or prejudicial use. Here, the trial court issued an instruction that the videotape not be given special weight, required the jury to make a request to see the evidence before allowing it into the jury room, and conferred with counsel before permitting it to be given to the jury. I find no abuse of discretion in the trial court's exercise of its supervisory authority over the use of evidence by the jury.

Notwithstanding the majority's broad suggestion that "jury deliberations ... could never be directly 'supervised,'" maj. op. at 704, there are a number of ways that trial courts can supervise a jury's use of videotape evidence after the case has been submitted. Courts can allow the jury to view it in court or with a bailiff present. In addition, courts can limit the amount of time a jury has access to the videotape, or instruct the foreman that the videotape may only be viewed once or a limited number of times agreed upon by the parties. Ultimately, trial courts have the responsibility, authority, and discre-

tion to supervise the presentation of evidence to avoid undue influence or prejudice. Our review is limited to whether the trial court abused its discretion. *Settle,* 180 Colo. at 264, 504 P.2d at 681.

I do not agree, however, with the majority's expansive conclusion that discretion *"must* remain firmly within ... the trial court." Maj. op. at 704 (emphasis added). We have the power to issue rules of criminal procedure that can control what juries in criminal cases may take into the deliberation room. *See* § 13–2–109, C.R.S. (2006) (authorizing the Colorado Supreme Court to issue rules of criminal procedure). We have not promulgated a rule of criminal procedure controlling the introduction of videotaped statements, but instead have chosen to leave this issue to the sound discretion of the trial court. Crim. P. 57(b). Here we hold the trial court did not abuse its discretion in using its authority to submit videotaped statements to the jury in the absence of a controlling rule.

Finally, I find a broad examination of the actions of the defense attorney unnecessary to justify upholding the trial court's decisions. *See* maj. op. at 705. The defense attorney unsuccessfully objected to the admission of the videotape at trial. Faced with a situation in which the jury was going to see the evidence, he then argued to the jury that the evidence supported his client's case. His arguments should not be confused or construed as acceptance of admission of the videotape. Further, he should not have to face the risk that his decision to argue evidence admitted over his objection will operate as a penalty to any later objections he might make to its admission or use. The significance to our review here of his lack of objection to the evidence going into the jury deliberation room is to determine the standard of review we would employ were we to find error. Here, had we found error, his lack of objection means we would employ a plain error analysis. *People v. Miller,* 113 P.3d 743, 749 (Colo.2005). His lack of objection does not, however, inform our analysis of whether the trial court abused its discretion.

Because I agree that the trial court did not abuse its discretion I specially concur.

I am authorized to state that Justice BENDER joins in this opinion.