Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 1, 2017

**2017 CO 37**

**No. 13SC791, <u>People v. Romero</u>—Criminal Law—Expert Testimony—Jury Access to Exhibits.**

This case requires the supreme court to address two issues it recently addressed in two other cases, <u>People v. Jefferson</u>, 2017 CO 35, ___ P.3d ___, and <u>Venalonzo v. People</u>, 2017 CO 9, 388 P.3d 868. Specifically, the supreme court must resolve whether (1) a trial court commits plain error when it fails to limit, sua sponte, a jury's access to recorded statements during jury deliberations and (2) a trial court abuses its discretion when it allows a police officer to testify as a lay witness about the concept of grooming in the context of sexual predation. The supreme court holds that (1) a trial court does not commit plain error when it does not limit a jury's access to recorded statements without an objection and (2) a trial court abuses its discretion when it allows a witness to testify about grooming without qualifying that witness as an expert. The supreme court therefore reverses the defendant's convictions and remands for a new trial.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2017 CO 37

**Supreme Court Case No. 13SC791**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 10CA1798

**Petitioner:**

Benjamin John Romero,

v.

**Respondent:**

The People of the State of Colorado.

### Judgment Reversed

*en banc*

May 1, 2017

**Attorneys for Petitioner:**
Douglas K. Wilson, Public Defender
Lynn Noesner, Deputy Public Defender
  *Denver, CO*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
Erin K. Grundy, Assistant Attorney General
  *Denver, CO*

**CHIEF JUSTICE RICE** delivered the Opinion of the Court.

¶1 This case requires us to address two issues we recently addressed in two other cases, People v. Jefferson, 2017 CO 35, ___ P.3d ___, and Venalonzo v. People, 2017 CO 9, 388 P.3d 868. Specifically, we must resolve whether (1) a trial court commits plain error when it fails to limit, sua sponte, a jury's access to recorded statements during jury deliberations and (2) a trial court abuses its discretion when it allows a police officer to testify as a lay witness about the concept of grooming in the context of sexual predation.[1] We hold that (1) a trial court does not commit plain error when it does not limit a jury's access to recorded statements without an objection and (2) a trial court abuses its discretion when it allows a witness to testify about grooming without qualifying that witness as an expert. We therefore reverse the defendant's convictions and remand for a new trial.

## I. Facts and Procedural History

¶2 The defendant, Benjamin Romero, began living with friends in 2009. During the summer, he spent time with his friends' fifteen-year-old daughters, C.T. and J.W. On one occasion, C.T. accused Romero of putting his hand down her pants and touching her over her underwear while she was sleeping. On another occasion, C.T. and J.W.

---

[1] We granted certiorari to review the following issues:

1. Whether allowing the jury to have unrestricted access to videotape statements was reversible error, and whether the court of appeals' analysis is inconsistent with DeBella v. People, 233 P.3d 664 (Colo. 2010), Frasco v. People, 165 P.3d 701 (Colo. 2007), and the United States Supreme Court's decision in Henderson v. United States, 133 S. Ct. 1121 (2013).
2. Whether testimony regarding the meaning of "grooming" constitutes specialized expert testimony, which cannot be elicited under the guise of lay testimony.

accused Romero of hitting them both on the buttocks and putting his arms around them with his hands dangling near their breasts. Based on these accusations, the State charged Romero with one count of sexual assault on a child as part of a pattern of abuse and two counts of sexual assault on a child. At trial, the court admitted two recorded exhibits and gave the jury unfettered access to those exhibits during deliberations. The first exhibit was a recording of a forensic interview with one of the victims, C.T. C.T. testified at the trial. The second exhibit was a recording, from a previous case, of Romero discussing previous acts of sexual predation he had committed (also involving friends' daughters around fifteen years of age).

¶3     The trial court also allowed a police detective—who had conducted the recorded forensic interview of C.T.—to testify as a lay witness about the interview and the concept of "grooming" as it relates to sexual predation. Specifically, the following exchange occurred during the police officer's testimony after Romero objected to admitting the grooming testimony as lay testimony:

> Q. Detective [], in the training that you have done to investigate kid crimes, and specifically when you are interviewing a child, can you tell the jury what your training has—can you tell the jury what grooming is, what that concept is?
>
> A. Sure. Based upon my training and my experience in investigating these types of crimes, grooming is basically a process by which someone who want[s] to offend[] on a child gains the trust of the child first. Actually, even before that. They first put themselves in a position where they could be close to a child that they may want to offend at a later date. They then gain the trust of that child by just being there, talking to them, . . . and maybe just spending some time with them, buying them things, just building that trust level.

Then after an amount of time, that varies depending upon the individual, they may start incidental touching to kind of desensitize a child as to what else may be occurring later down the road before they actually get to the point of any type of sexual touching.

¶4 The jury convicted Romero of all three counts. The trial court sentenced Romero to thirty-six years to life in prison. On appeal, Romero made several arguments, including the two relevant to this opinion, that: (1) the trial court committed plain error by allowing the jury to have unfettered access to recorded statements made by him and one of the victims and (2) the trial court abused its discretion by allowing a police officer—who had conducted a forensic interview of one of the victims, C.T.—to testify as a lay witness about the concept of "grooming" in the context of sexual predation. The court of appeals affirmed Romero's conviction, and we granted certiorari.

## II. Analysis

### A. The trial court did not commit plain error by allowing the jury to have access to recorded statements during deliberations.

¶5 Romero argues that the trial court committed plain error when it neglected to limit the jury's access to recorded statements during deliberations. However, Romero did not object to the jury's unfettered access during trial, and accordingly, we hold that it was not plain error for the trial court to give the jury unfettered access to the recorded statements.

¶6 Normally, we review a trial court's decision on whether to restrict—and to what degree—a jury's access to admitted exhibits during deliberations for an abuse of discretion. Frasco v. People, 165 P.3d 701, 705 (Colo. 2007). But here, when the trial court allowed the jury access to recorded statements during jury deliberations, Romero

4

did not object.  Because he did not object, we review the trial court's decision not to limit jury access to recorded statements for plain error.  Hagos v. People, 2012 CO 63, ¶ 14, 288 P.3d 116, 120; Crim. P. 52(b).  Plain errors are errors committed by the trial court that are (1) obvious; (2) substantial; and (3) "undermine[] the fundamental fairness of the trial itself so as to cast serious doubt on the reliability of the judgment of conviction."  Hagos, ¶ 14, 288 P.3d at 120.  "To qualify as plain error, the error must be one that 'is so clear-cut, so obvious,' a trial judge should be able to avoid it without benefit of objection."  People v. Ujaama, 2012 COA 36, ¶ 42, 302 P.3d 296, 304 (quoting People v. Taylor, 159 P.3d 730, 738 (Colo. App. 2006)).

¶7      In Jefferson, we held that the trial court abused its discretion by allowing, over the defendant's objection, the jury to have unfettered access to recorded statements during deliberations.  ¶¶ 2–3.  The trial court erred in Jefferson because it applied the incorrect factors to determine whether unfettered access would prejudice the defendant. ¶¶ 51–53.

¶8      But here, any prejudicial effect of already-admitted evidence was not so clear-cut that the trial court should have limited access to the recordings during jury deliberations.  There are many reasons a defendant may want a jury to have unfettered access to recordings, including reviewing inconsistencies between the recording and live testimony given during court proceedings.  But without an objection by the defendant to unfettered access, a trial court is not required to make sua sponte restrictions on that access.  See, e.g., Martinez v. People, 2017 CO 36, ¶ 25, ___ P.3d ___ (holding that trial court did not commit plain error when it did not sua

5

sponte restrict jurors' access to recorded statements during deliberations because any error did not "undermine[] the fundamental fairness of the trial itself").

¶9 Therefore, we affirm the court of appeals and hold that it was not plain error for the trial court to grant unfettered access to the recordings during deliberations.

## B. The trial court abused its discretion by allowing lay testimony on "grooming."

¶10 Romero argues that the trial court erred when it allowed a police officer to testify, over Romero's objection, as a lay witness about the concept of "grooming." Because we hold that an ordinary citizen could not be expected to be familiar with sexual predators' strategies, we agree with Romero and hold that the trial court abused its discretion by not qualifying the officer as an expert.

¶11 We review a trial court's evidentiary decisions for an abuse of discretion. People v. Stewart, 55 P.3d 107, 122 (Colo. 2002). "A trial court abuses its discretion only when its ruling is manifestly arbitrary, unreasonable, or unfair." Id.

¶12 Under Colorado Rule of Evidence ("CRE") 701, testimony is proper as lay testimony and not expert testimony if the testimony is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Under CRE 702, a party may call an expert witness if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."

6

¶13 "The proper inquiry is not whether a witness draws on her personal experiences to inform her testimony; all witnesses rely on their personal experience when testifying." Venalonzo, ¶ 22, 388 P.3d at 875. "Rather, it is the nature of the experiences that could form the opinion's basis that determines whether the testimony is lay or expert opinion." Id. "In assessing whether an opinion is one 'which could be reached by any ordinary person,' courts consider whether ordinary citizens can be expected to know certain information or to have had certain experiences." People v. Rincon, 140 P.3d 976, 983 (Colo. App. 2005) (citing United States v. McDonald, 933 F.2d 1519, 1522 (10th Cir. 1991)). "Expert testimony, by contrast, is that which goes beyond the realm of common experience and requires experience, skills, or knowledge that the ordinary person would not have." Venalonzo, ¶ 22, 388 P.3d at 875.

¶14 Ultimately, to differentiate between lay and expert testimony, Colorado courts use the following test from Venalonzo:

> [I]n determining whether testimony is lay testimony under Colorado Rule of Evidence ("CRE") 701 or expert testimony under CRE 702, the trial court must look to the basis for the opinion. If the witness provides testimony that could be expected to be based on an ordinary person's experiences or knowledge, then the witness is offering lay testimony. If, on the other hand, the witness provides testimony that could not be offered without specialized experiences, knowledge, or training, then the witness is offering expert testimony.

¶ 2, 388 P.3d at 870–71.

¶15 Applying the Venalonzo test to this case, we hold that an ordinary citizen could not be expected to possess the experience, skills, or knowledge required to understand the concept of "grooming" as it relates to sexual predation. "The methods sex offenders

use are not necessarily common knowledge." United States v. Batton, 602 F.3d 1191, 1202 (10th Cir. 2010) (holding that admission of expert testimony to explain the concept of "grooming" and other methods used by sexual predators to the jury was not an abuse of discretion); see also United States v. Hitt, 473 F.3d 146 (5th Cir. 2006) (holding same). Here, the officer gave detailed testimony as a lay witness about the concept of grooming as it relates to a sexual predator's methods of acquiring victims. Therefore, the trial court abused its discretion by not qualifying the police officer as an expert witness and admitting the officer's testimony as lay testimony.

¶16    The inquiry is not at an end, however, because we review a trial court's abuse of discretion on a preserved, nonconstitutional issue for harmless error. Hagos, ¶ 12, 288 P.3d at 119. "[R]eversal is required only if the error affects the substantial rights of the parties." Id. But here, reversal is required because the error was not harmless. The evidence against Romero was equivocal. For instance, on the buttocks-touching incident—which formed the basis for two of Romero's three convictions—C.T. testified that she "didn't think it was such a big deal" and was unsure whether it was purposeful or accidental. J.W. testified that she did not think much of Romero's actions either, because she had cousins and uncles who also playfully hit her on the buttocks. J.W. also testified that the incident was simply "[a] little awkward." The defense's theory on this incident was that Romero lacked the requisite mens rea. But the prosecution, relying partially on the officer's grooming testimony, argued in closing that grooming explained Romero's modus operandi and from that the jury could infer his culpable

8

mental state.  We cannot hold, with a lack of overwhelming evidence, that the trial court's abuse of discretion was harmless error.

¶17    Thus, we reverse the court of appeals on this issue, reverse Romero's convictions, and remand for a new trial.

## III.  Conclusion

¶18    We affirm the court of appeals on the first issue, that it was not plain error for the trial court to give the jury unfettered access to recorded statements during jury deliberations.  However, we reverse the court of appeals on the second issue, that the trial court abused its discretion by allowing lay testimony on the concept of a sexual predator's grooming.  We therefore reverse Romero's conviction and remand for a new trial.