Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
March 26, 2018

**2018 CO 21**

**No. 16SC276, People v. Sandoval,—Plain Error Review—Sentencing.**

The supreme court holds that Blakely v. Washington, 542 U.S. 296 (2004), applies

to a direct sentence to community corrections. The supreme court further holds that it

was plain error for the trial court to sentence the defendant to an aggravated sentence to

community corrections without meeting Blakely's requirements. The supreme court

affirms the decision of the court of appeals and remands for resentencing.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 21

### Supreme Court Case No. 16SC276
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA2387

### Petitioner:

The People of the State of Colorado,

v.

### Respondent:

Alfred Gabriel Sandoval.

### Judgment Affirmed
*en banc*
March 26, 2018

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Brock J. Swanson, Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Respondent:**
The Noble Law Firm, LLC
Antony Noble
  *Lakewood, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1 We granted certiorari to determine whether the trial court plainly erred when it sentenced the defendant, Alfred Sandoval, to an aggravated community corrections sentence based on judicial fact-finding to which Sandoval did not stipulate.[1] We find that it did.

¶2 In affirming the decision of the court of appeals, we hold that Blakely v. Washington, 542 U.S. 296 (2004), applies to a direct sentence to community corrections. We further hold that it was plain error for the trial court to sentence the defendant to an aggravated sentence to community corrections without meeting Blakely's requirements. We therefore remand for resentencing consistent with this opinion.

## I. Facts and Procedural History

¶3 Alfred Sandoval was charged with first degree assault, a class three felony, and possession of a weapon by a previous offender, a class five felony. Sandoval entered into a plea agreement to the reduced charge of felony menacing, a class five felony, in exchange for dismissal of the original charges. The plea agreement also provided that Sandoval would not be sentenced to the Department of Corrections ("DOC"). It did not include any stipulation to judicial fact-finding at sentencing.

---

[1] We granted certiorari to review the following issue:

  1. Whether the trial court plainly erred and improperly sentenced the defendant in excess of the statutory maximum for purposes of Blakely v. Washington, 542 U.S. 296 (2004), when it imposed an aggravated community corrections sentence.

¶4      At the sentencing hearing, the prosecutor argued for a sentence to community corrections.  The defense argued for a sentence to probation.  Neither party argued for a sentence of any particular length.  After stating that it would not consider a sentence to probation, the court asked Sandoval to explain what had happened during the underlying incident so that it could determine the length of the community corrections sentence.   Sandoval explained:

> I went over there to see if he could give me some money that I lent him and stuff like that.  He pulled out a gun, we got into a little wrestle-around, a shot went off and I walked out.

The district court asked Sandoval a few follow-up questions and then stated:

> Well, obviously this case presents a situation of who to believe.  The victim isn't the most believable individual because he gave several different stories.  The defendant's version, quite frankly, is no more credible.  So the Court is left with what the crime that was pled guilty to is and some of the underlying facts, and the underlying facts are that a person got shot, essentially got knee-capped.
>
> . . .
>
> The Court does find that there are aggravating circumstances in this case. Specifically, the Court notes that Mr. Sandoval went to the victim's home, entered the victim's home to collect what he describes as a debt, what the victim describes as a drug debt.  Quite frankly, given the statement that the victim was high on methamphetamines, the Court finds it credible that this was a drug debt that was being collected.
>
> A gun was produced.  The victim says the defendant produced the gun and shot him in the knee, which means that he knee-capped him.  The Court finds that in and of itself would be aggravation, warranting a sentence in the aggravated range.
>
> The defendant describes that he wrestled with the defendant when the defendant produced a gun and the defendant ended up getting shot [sic]. The Court, quite frankly, doesn't find the defendant's version of events to

3

be credible and so the Court finds that a sentence in the aggravated range is warranted.

On these findings, the trial court imposed a six-year direct sentence to community corrections. Sandoval did not object to the district court's findings or to the constitutionality of the sentence.

¶5 On appeal, Sandoval argued that his aggravated community corrections sentence was unconstitutional under <u>Blakely</u> because the judge relied on facts that were not found by a jury, admitted to or stipulated to by Sandoval, or exempt from <u>Blakely</u>'s requirements. A division of the court of appeals agreed. <u>People v. Sandoval</u>, 2016 COA 19, ¶ 1. The court held that findings supporting a direct sentence to community corrections in the aggravated range must be either <u>Blakely</u>-compliant or <u>Blakely</u>-exempt and vacated Sandoval's sentence. <u>Id.</u> at ¶¶ 14-29. The People filed a petition for certiorari, and we granted the petition.

## II. Analysis

¶6 We first consider whether the well-established rule in <u>Blakely</u>, which applies to any "penalty for a crime beyond the prescribed statutory maximum," <u>Blakely v. Washington</u>, 542 U.S. 296, 301 (2004) (citing <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000)), applies to a direct sentence to community corrections. We conclude that a direct sentence to community corrections in Colorado constitutes a "penalty" for which the sentencing scheme specifies the same "statutory maximum" that applies to a sentence to the DOC. The <u>Blakely</u> rule therefore applies to an aggravated sentence to community corrections that goes beyond that maximum. We then consider whether the

4

district court committed plain error by imposing a direct sentence to community corrections in excess of the statutory maximum on facts that were neither <u>Blakely</u>-compliant nor <u>Blakely</u>-exempt. As to that question, we conclude that Colorado's sentencing statutes, United States Supreme Court precedent, and Colorado case law made it clear at the time of Sandoval's sentencing that the court lacked authority to impose the sentence it did based on the facts that formed the basis for its sentence.

## A. <u>Blakely</u> Applies to a Direct Sentence to Community Corrections

¶7 The U.S. Supreme Court first held in <u>Apprendi</u> that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In <u>Blakely</u>, the Supreme Court explained that the <u>Apprendi</u> "statutory maximum" is the maximum sentence that can be imposed based on facts admitted by the defendant or reflected in the jury verdict. <u>See</u> <u>Blakely</u>, 542 U.S. at 303. "In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." <u>Id.</u> Thus, <u>Blakely</u> clearly established that a Sixth Amendment violation occurs when a sentencing court finds facts—other than the fact of a prior conviction, which <u>Blakely</u> explicitly exempted from the scope of its rule—in order to aggravate a defendant's sentence. The Supreme Court has repeatedly emphasized the breadth of the <u>Apprendi</u> rule. In rejecting the argument that <u>Apprendi</u> should not apply to criminal fines because fines are a less onerous punishment than incarceration, the Court noted that: "In stating <u>Apprendi</u>'s rule, we have never

5

distinguished one form of punishment from another. Instead, our decisions broadly prohibit judicial factfinding that increases maximum criminal 'sentence[s],' 'penalties,' or 'punishment[s.]'" S. Union Co. v. United States, 567 U.S. 343, 350 (2012) (citing Blakely, 542 U.S. at 304; Apprendi, 530 U.S. at 490; and Ring v. Arizona, 536 U.S. 584, 589 (2002)).

¶8     We applied the Supreme Court's rulings in Apprendi and Blakely to Colorado's sentencing scheme in Lopez v. People, 113 P.3d 713 (Colo. 2005). There, we explained: "[T]he statutory maximum sentence is not necessarily the greatest term authorized by the state legislature. Rather it is the longest sentence authorized by the applicable statute and the particular facts validly before the judge in the case." Lopez, 113 P.3d at 722. Colorado's sentencing statutes create a presumptive range for each particular offense from which a court can deviate only due to extraordinary aggravating or mitigating circumstances. See id. at 724. If such circumstances "require[] judicial fact-finding to which the defendant has not stipulated, then the rule of Blakely applies and any additional facts used to aggravate the sentence must be Blakely-compliant or Blakely-exempt." Id. at 726. Consequently, we held in Lopez that an aggravated sentence pursuant to section 18-1.3-401(6), C.R.S. (2017), "may rely on at least one of four kinds of facts: (1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant stipulates to judicial fact-finding for sentencing purposes; and (4) facts regarding prior convictions." Id. at 719. The first three types of facts are "Blakely-compliant," and the last, "Blakely-exempt." Id. at 723.

6

¶9 The question presented here is whether Lopez's analysis of the sentencing scheme laid out in section 18-1.3-401 applies to a direct sentence to community corrections. The state argues that a direct sentence to community corrections should not be subject to these rules because a sentence to community corrections is less harsh than a sentence to the DOC. The structure of Colorado's sentencing scheme does not support this interpretation. The statutory provision authorizing direct sentencing to community corrections provides that "the sentencing court may impose a sentence to community corrections which includes terms, lengths, and conditions pursuant to section 18-1.3-401." § 18-1.3-301(1)(b), C.R.S. (2017) (emphasis added). Thus, the "statutory maximum" length of a direct sentence to community corrections is controlled by section 18-1.3-401 and is the same as a DOC sentence for a given offense. Given this statutory structure, direct sentences to community corrections are subject to the rules set out in Blakely and Lopez, and an aggravated direct sentence to community corrections must rely on facts that are either Blakely-compliant or Blakely-exempt.

¶10 Sandoval pled guilty to felony menacing, a class five felony for which "the presumptive range[] of penalties" is between one year and three years of "imprisonment." § 18-1.3-401(1)(a)(V)(A), C.R.S. (2017). One to three years is also the presumptive range for a direct sentence to community corrections for this offense. § 18-1.3-301(1)(b). As with sentences to DOC, direct sentences to community corrections can be increased on a finding of aggravating factors, § 18-1.3-401(6), so long as that finding is supported by (1) facts found by a jury beyond a reasonable doubt; (2) facts admitted by the defendant; (3) facts found by a judge after the defendant

7

stipulates to judicial fact-finding for sentencing purposes; or (4) facts regarding prior convictions. In this case, however, the aggravated sentence was based entirely on facts found by the judge, and there was no stipulation to judicial fact-finding contained in the plea agreement. This aggravated sentence violated the Sixth Amendment.

## B. The District Court Plainly Erred

¶11 While we hold today that <u>Blakely</u> applies to direct sentences to community corrections, the trial court's failure to apply the <u>Blakely</u> rule in sentencing Sandoval is only reversible if it was plain error because Sandoval did not object at the sentencing hearing. <u>See</u> Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); <u>People v. Miller</u>, 113 P.3d 743, 745 (Colo. 2005) (holding that the plain error standard of review applies to allegations of constitutional error in the absence of a contemporaneous objection). A plain error is one that is both "obvious and substantial." <u>Miller</u>, 113 P.3d at 750 (quoting <u>People v. Stewart</u>, 55 P.3d 107, 119 (Colo. 2002)). To warrant reversal, the error must have "undermined the fundamental fairness of the [proceeding] so as to cast serious doubt on the reliability of the judgment." <u>People v. Davis</u>, 2015 CO 36M, ¶ 32, 352 P.3d 950, 957 (citing <u>Miller</u>, 113 P.3d at 750).

¶12 We have previously explained that "[f]or an error to be obvious, the action challenged on appeal ordinarily must contravene (1) a clear statutory command; (2) a well-settled legal principle; or (3) Colorado case law." <u>Scott v. People</u>, 2017 CO 16, ¶ 16, 390 P.3d 832, 835. Here, the trial court should have been able to avoid the error "without benefit of objection." <u>Romero v. People</u>, 2017 CO 37, ¶ 6, 393 P.3d 973, 976

(quoting People v. Ujaama, 2012 COA 36, ¶ 42, 302 P.3d 296, 304). Colorado's sentencing scheme explicitly anticipates that the presumptive length of direct sentences to community corrections will parallel DOC sentences. The clear statutory command that sentences to community corrections pursuant to section 18-1.3-301 are subject to the "lengths" prescribed in section 18-1.3-401 is sufficient to make evident Blakely's application to a direct sentence to community corrections.

¶13 Even if the statutory language were not clear, consistent case law from the court of appeals demonstrated that Blakely applied to direct sentences to community corrections. See, e.g., People v. VanMatre, 190 P.3d 770, 774 (Colo. App. 2008) (holding that the trial court did not violate Blakely when it imposed an aggravated sentence to community corrections based on defendant's five prior misdemeanor convictions); People v. Hopkins, 190 P.3d 833, 833 (Colo. App. 2008) (explaining that in a previous appeal in the same case, a division of the court of appeals had held that the defendant's aggravated community corrections sentence violated Blakely); People v. Orth, 121 P.3d 256, 259 (Colo. App. 2005) (holding that the trial court did not violate Blakely when it imposed an aggravated sentence to community corrections based on the Blakely-exempt fact of defendant's prior conviction). There are no decisions from the court of appeals or from this court suggesting that Blakely might not apply to a direct sentence to community corrections. And the U.S. Supreme Court has been very clear that Apprendi and its progeny apply broadly. See, e.g., S. Union Co., 567 U.S. at 350. In light of the statutory language, U.S. Supreme Court precedent, and the consistent

decisions from the court of appeals, the trial court was on notice that the community corrections sentence it imposed must not violate Blakely.

¶14 The trial court's error was substantial. Mr. Sandoval pled guilty to a class five felony for which the presumptive maximum sentence—whether to DOC or to community corrections—was three years. He was sentenced to twice that maximum sentence. The fact that, as the state argues, the trial court might have reached the same sentencing decision based on the Blakely-exempt fact of Mr. Sandoval's prior convictions does not change the substantial nature of the error. The trial court never mentioned prior convictions as a basis for its sentence, relying instead on judicial findings of fact that were neither Blakely-compliant nor Blakely-exempt.

¶15 The trial court's imposition of an aggravated direct sentence to community corrections based on judicial fact-finding without a stipulation to that judicial fact-finding by the defendant is the kind of error that "undermine[s] the fundamental fairness" of the sentencing proceeding. Davis, 352 P.3d at 957. Reversal is therefore warranted even in the absence of a contemporaneous objection from the defendant.

### III. Conclusion

¶16 Accordingly, we affirm the decision of the court of appeals and remand for resentencing consistent with this decision.