Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
January 28, 2019

**2019 CO 9**

**No. 16SC158, *People v. Kubuugu*—Witness Qualification—Expert Testimony—
Harmless Error.**

This case, which involves charges of Driving Under the Influence and Child Abuse, requires the court to determine if the trial court erred by admitting expert testimony under the guise of lay testimony and whether such error was harmless.  In this case, the trial court allowed a police officer to testify at trial, without being qualified as an expert, about the ability to detect the smell of metabolized alcohol and that he could, based on that odor, opine about the volume of alcohol ingested and the timing of when it was consumed.  The officer testified that this ability was learned through specialized training and years of experience as a police officer.

The court holds that the police officer's testimony about the odor of metabolized alcohol was expert testimony under the guise of lay testimony because an ordinary person would be unable to offer the same opinion.  Admitting this evidence was not harmless because it was the only evidence that specifically refuted the defendant's testimony that he only began drinking alcohol after he had parked his car.

Accordingly, the court of appeals' judgment is affirmed.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

### 2019 CO 9

---

**Supreme Court Case No. 16SC158**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 12CA1489

---

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Simon Kubuugu.

---

**Judgment Affirmed**
*en banc*
January 28, 2019

---

**Attorneys for Petitioner:**
Philip J. Weiser, Attorney General
Rebecca A. Adams, Senior Assistant Attorney General
    *Denver, Colorado*

**Attorneys for Respondent:**
Megan A. Ring, Public Defender
Brian Cox, Deputy Public Defender
    *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1 We must decide whether the trial court, in a case involving drinking and driving, abused its discretion when it allowed a police officer to testify as a lay witness about his ability to detect the smell of metabolized alcohol and, based on that metabolized odor, opine on how much alcohol the defendant ingested and when he did so.[1] We hold that the court abused its discretion and that the error was not harmless. We therefore affirm the court of appeals' decision.

## I. Facts and Procedural History

¶2 Deputy Luton witnessed a car driven by Simon Kubuugu exit a parking lot, pull out in front of traffic, and make a U-turn that forced other drivers to swerve to avoid a collision. Kubuugu's seven-year-old child was riding in the car with him. Kubuugu then drove slowly past Deputy Luton and parked in an apartment complex.

¶3 Deputy Luton went over to Kubuugu's car to make contact with him, and Kubuugu reacted by backing his car over a bush, apparently in an attempt to leave the apartment complex. That attempt failed because the exit was blocked by a second police car that had responded to Deputy Luton's call for assistance. Kubuugu then got out of his car and quickly walked away with a beer can in his hand, leaving his child in the car. Eventually, Kubuugu was stopped by Deputy Luton. Kubuugu did not exhibit any

---

[1] We granted certiorari to review the following issue:

> Whether the court of appeals erred in concluding that testimony regarding the respondent's alcohol consumption was expert testimony, which could not be elicited under the guise of lay testimony.

slurred speech or trouble walking. Another deputy searched Kubuugu's car and found two or three empty beer cans. No one administered a breath or blood alcohol test or any sobriety test, and it is unclear why. Kubuugu was arrested and charged with criminal impersonation,[2] child abuse, driving under restraint, reckless driving, and driving under the influence.

¶4 At trial, Kubuugu testified that he only started drinking once he parked his car in the apartment complex, that he only drank a few sips from the beer which was found in his hand, and that the empty beer cans in his vehicle were from another day. Deputy Luton testified at trial, without being qualified as an expert, and opined that Kubuugu had been intoxicated while driving. Specifically, on direct examination, Deputy Luton testified that he believed Kubuugu had driven while intoxicated because Kubuugu (1) drove erratically, (2) had a beer can in his hand when he was contacted, (3) had empty beer cans in his vehicle, and (4) smelled of alcohol. Regarding the smell of alcohol, Deputy Luton testified that he had years of experience and training in the detection of drinking and driving, most notably through "wet lab" training,[3] and as a result he could distinguish between the smell of alcohol exuding from a person versus the smell of

---

[2] Kubuugu was charged with criminal impersonation because Deputy Luton, while attempting to determine Kubuugu's identity, found a fake ID in his wallet. Kubuugu claimed to be the person on the ID.

[3] Deputy Luton testified that wet lab training is where officers are exposed to people who have consumed different volumes of alcohol in order for officers to learn to differentiate between different levels of intoxication.

spilled alcohol because the former has a "metabolized" odor. Defense counsel objected to Deputy Luton's mention of the ability to detect the smell of metabolized alcohol, arguing that Deputy Luton was providing expert testimony under the guise of lay testimony. The trial court overruled the objection.

¶5 Later, Deputy Luton elaborated on his ability to detect metabolized alcohol in response to a question from the jury. The jury asked Deputy Luton whether the odor coming from Kubuugu's mouth would be the same if the beer had been consumed five minutes earlier compared to thirty minutes earlier. The defense objected to this question but was overruled. Deputy Luton then testified about how the body metabolizes alcohol and how that affects its odor, how the metabolized odor becomes stronger the more someone drinks, and that the smell of someone's breath who had recently consumed alcohol is distinct from that of someone who had consumed alcohol earlier. Deputy Luton concluded that the strong odor of metabolized alcohol coming from Kubuugu indicated that, before entering the apartment complex, Kubuugu consumed a volume of alcohol consistent with the number of empty beer cans found in his car.

¶6 The jury found Kubuugu guilty of criminal impersonation, child abuse, driving under restraint, driving while ability impaired (a lesser-included offense of driving under the influence), and reckless driving. Kubuugu appealed, arguing, as relevant here, that the trial court improperly admitted Deputy Luton's expert testimony under the guise of lay testimony.

¶7 The court of appeals held that Deputy Luton was improperly allowed to offer expert testimony on alcohol consumption. *People v. Kubuugu*, No. 12CA1489, slip op. at

4

7–9, 13 (Colo. App. Feb. 4, 2016). It further concluded that the error was not harmless. *Id.* at 13–14. Accordingly, the court of appeals reversed Kubuugu's convictions for child abuse, driving while ability impaired, and reckless driving. *Id.* at 15. We granted certiorari and now affirm.

## II. Standard of Review

¶8      We review a trial court's evidentiary decisions for an abuse of discretion. *People v. Stewart*, 55 P.3d 107, 122 (Colo. 2002). We review a trial court's abuse of discretion on a preserved, nonconstitutional issue for harmless error. *Romero v. People*, 2017 CO 37, ¶ 16, 393 P.3d 973, 978.

## III. Analysis

¶9      We begin by examining the distinction between lay and expert testimony. Next, we determine whether Deputy Luton's testimony that Kubuugu exuded a metabolized alcohol odor, which indicated that Kubuugu drank a volume of alcohol consistent with the number of beer cans found in his car and that he consumed such alcohol before he entered the apartment complex, was lay or expert testimony. We conclude that this testimony was expert testimony because it was based on Deputy Luton's years of experience as a police officer and extensive training and, therefore, was not based on the experiences or knowledge of an ordinary person. We then discuss whether allowing this expert testimony under the guise of lay testimony was harmless, and we conclude that it was not.

## A. Law

¶10     A witness's opinion can be categorized as either lay or expert testimony.  The distinction between these categories is laid out in CRE 701 and 702.  CRE 701 covers lay testimony and states that lay testimony can come in as evidence when it:

> is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

CRE 702 covers expert testimony and states that a person can be qualified as an expert based on that person's knowledge, skill, experience, training, or education:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

¶11     Therefore, if the opinion is based on scientific, technical, or other specialized knowledge, it is expert testimony; otherwise, it is lay testimony.  *See Venalonzo v. People*, 2017 CO 9, ¶ 18, 388 P.3d 868, 874.  In *Venalonzo*, we discussed what it means for testimony to be "based on" scientific, technical, or other specialized knowledge.  We focused on the nature of a person's experience to determine whether an opinion is lay or expert:

> [T]he proper inquiry is not whether a witness draws on her personal experiences to inform her testimony; all witnesses rely on their personal experience when testifying.  Rather, it is the nature of the experiences that could form the opinion's basis that determines whether the testimony is lay or expert opinion.

*Id.* at ¶ 22, 388 P.3d at 875.  Thus, if an opinion could have been based on an ordinary person's experience or knowledge, it is lay testimony; but if the opinion could not be

offered without specialized experience, knowledge, or training, then it is expert testimony. *Id.* at ¶ 16, 388 P.3d at 873. Therefore, the relevant inquiry under *Venalonzo* is whether an ordinary person could properly offer such an opinion. We now consider that question in the context of this case.

## B. Application

¶12 The trial court erred when it allowed Deputy Luton to testify as a lay witness that he could detect the smell of metabolized alcohol; that Kubuugu smelled of metabolized alcohol; and that the particular odor indicated that Kubuugu drank a volume of alcohol consistent with the number of beer cans found in his car and that he drank them before he entered the apartment complex. It is important to note that this was the only portion of Deputy Luton's testimony that was expert testimony.

¶13 To be sure, much of Deputy Luton's testimony was based on what an ordinary person would know. For example, Deputy Luton opined that Kubuugu was drunk in part because he witnessed Kubuugu driving erratically, observed a beer can in his hand and empty beer cans in his car, and noticed that his breath smelled of alcohol. An ordinary person could form that same opinion because an ordinary person has encountered an intoxicated person and would recognize the behavior described by Deputy Luton as the actions of someone who is intoxicated. However, Deputy Luton also testified to information that an ordinary person would not know, specifically, that Kubuugu exuded a metabolized alcohol odor that indicated that he had consumed alcohol prior to entering the apartment complex.

7

¶14     Ordinary people can tell if a person is intoxicated, but it is not expected that they know what "metabolized" alcohol smells like or, more significantly, that, based on that metabolized odor, they be able to opine on the volume of alcohol ingested and when it was consumed. Deputy Luton testified that he possessed this refined olfactory ability because of his training and experience, and this ability formed the basis of his opinion that Kubuugu began drinking before he entered the apartment complex. Because this opinion, as acknowledged by Deputy Luton, was based on "years of experience and extensive training" as a police officer, that portion of Deputy Luton's testimony was expert testimony. Deputy Luton was not endorsed as an expert witness, so the trial court abused its discretion in admitting his expert testimony under the guise of lay testimony.

¶15     Since we conclude that Deputy Luton's testimony was improperly admitted, we next consider whether the error was harmless.[4] Under harmless error review, we reverse if the error "substantially influenced the verdict or affected the fairness of the trial proceedings." *Id.* at ¶ 48, 388 P.3d at 880 (quoting *Tevlin v. People*, 715 P.2d 338, 342 (Colo. 1986)). We conclude that the error here influenced the verdict and affected the fairness of the trial, and thus was not harmless.

---

[4] Kubuugu preserved the issue because he objected multiple times at trial when Deputy Luton testified about the smell of metabolized alcohol, including to the jury question about Deputy Luton's ability to distinguish between the smell of alcohol consumed at different times. Since Kubuugu preserved the issue, we review the trial court's abuse of discretion for harmless error. *Romero*, ¶ 16, 393 P.3d at 978.

¶16 Again, there was properly admitted evidence suggesting that Kubuugu was drinking and driving, such as his erratic driving, the beer can in his hand, and the empty beer cans in his car. But there is also evidence that suggests that Kubuugu was not intoxicated, such as his speech not being slurred and that his walking did not indicate any alcohol impairment. Ultimately, after considering all the evidence, we conclude that the error was not harmless because the improperly admitted expert testimony was the only evidence that specifically refuted Kubuugu's testimony that he began drinking after he parked his car in the apartment complex. At trial, Kubuugu's theory was that the empty beer cans in his car were from another day and that he only drank alcohol from the beer can in his hand once he parked his car in the apartment complex. The People's theory, on the other hand, was that Kubuugu consumed a volume of alcohol consistent with the number of beer cans in his car before he drove erratically. The observations of the beer can in Kubuugu's hand, the empty beer cans in the back seat of his car, and the smell of alcohol on his breath are consistent with both theories. But Deputy Luton's expert testimony—that Kubuugu exuded a metabolized alcohol odor that indicated that, prior to entering the apartment complex, he had consumed a volume of alcohol consistent with the number of beer cans in his car—only supported the People's theory. Since the jury found that Kubuugu was driving while impaired and, relatedly, found him guilty of child abuse and reckless driving, the error influenced the verdict and was therefore not harmless.

## IV. Conclusion

¶17 For the foregoing reasons, we affirm the judgment of the court of appeals.

9